1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

BEN ZION ERREZ,

     Debtor,

_____

BEN ZION ERREZ, an individual,

     Appellant,

  v.

AUBURN ACE HOLDINGS, LLC, a
Washington limited liability company, and
THIRD CENTURY, LLC, a Washington
limited liability company,

     Respondents.

CASE NO. C10-1018 RSM

BANKRUPTCY NO. 09-13325
ADVERSARY NO. 09-01310

ORDER AFFIRMING THE
BANKRUPTCY COURT'S GRANT
OF SUMMARY JUDGMENT

## I. INTRODUCTION

  This matter comes before the Court on Appeal by Ben Zion Errez ("Appellant")

of an order (Dkt. #1) from the United States Bankruptcy Court granting Summary Judgment in

favor of Auburn Ace Holdings, LLC and Third Century, LLC ("Respondents").  Appellant

contends in this action that the Bankruptcy Court erred by holding that the requisite fiduciary

1   status was established for purposes of 11 U.S.C §523 (a)(4) such that Appellant's debt is non-

2   dischargeable and constitutes a defalcation.  Appellant further contends that the Bankruptcy

3   Court erred by applying collateral estoppel to issues litigated in a prior forum.  Respondents

4   argue that Appellant's debt is non-dischargeable because he breached his fiduciary duty, within

5   the meaning of §523(a)(4), and that collateral estoppel bars Appellant from relitigating issues

6   litigated in the prior forum.  Respondents also argue that Appellant's debt is non-dischargeable

7   because his actions were "willful and malicious" within the meaning of §523 (a)(6).

8                                      **II. BACKGROUND**

9          In 2005, the parties in this action formed Auburn Ace Holdings, LLC out of two

10  constituent companies, Plan B Development, LLC, whose sole member was Appellant, and Third

11  Century, LLC, whose members were Pat and Jan Cavanaugh.  Auburn Ace Holdings was owned

12  by each company in equal parts and was created to develop a commercial project on a parcel of

13  real property owned by Auburn Ace Holdings.  Appellant was primarily responsible for

14  obtaining financing.  Appellant arranged for Auburn Ace Holdings to enter into a series of loans

15  that were not expressly authorized by Auburn Ace Holding's board.  After a substantial loss was

16  incurred by Auburn Ace Holdings, the parties entered arbitration.  The Arbitrator awarded

17  approximately $3.2 million in favor of Respondents, and King County Superior Court entered an

18  order confirming the award in October of 2008.  The Arbitrator also found that Appellant had

19  made undisclosed withdrawals of money from Auburn Ace Holdings accounts for personal

20  benefit, and had used Auburn Ace Holding's property to secure loans that benefited Appellant

21  and Plan B.  Auburn Ace Holdings filed for bankruptcy in September of 2008, and Appellant

22  filed for bankruptcy after confirmation of the arbitration award.  Auburn Ace Holdings then

23  brought an adversary action against Appellant and moved for summary judgment, arguing that

24

1  the arbitration judgment was not dischargeable under 523(a)(4) and 523(a)(6).  The Bankruptcy

2  Court held that the debts were not dischargeable under 523(a)(4) and gave preclusive effect to

3  issues litigated in the prior arbitration.

### III. DISCUSSION

**A. Defalcation**

   1.  <u>Fiduciary Duty</u>

       A district court reviews a bankruptcy court's conclusions of law de novo.  *In re Lazar*, 83

F.3d 306, 308 (9th Cir. 1996).  The issue on appeal is whether claims against Appellant are

dischargeable under the defalcation provision of §523(a)(4).  According to this provision, debts

which arise from "fraud or defalcation while [the debtor was] acting in a fiduciary capacity" are

not dischargeable in bankruptcy.  In determining whether a debt is non-dischargeable as a

defalcation, a fiduciary relationship must exist, and the conduct in question must constitute a

defalcation while the party was acting in a fiduciary capacity. The parties in this case dispute

whether a fiduciary relationship existed between them.  Appellant argues that no fiduciary

relationship existed, thereby rendering it improper for a court to find that Appellant's debts are

non-dischargeable as a defalcation under §523(a)(4).

       The meaning of fiduciary for purposes of §523(a)(4) is a question of federal law.

*Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir. 1986).  The general definition of fiduciary as a

relationship involving confidence, trust, and good faith is inapplicable in the dischargeability

context of bankruptcy law.  *Id.*  Under federal law, a trust giving rise to the fiduciary relationship

must be imposed prior to any wrongdoing, and the debtor must have been a trustee prior to and

independent of the wrongdoing itself.  *Id.*  Therefore, constructive, resulting, or implied trusts

cannot impose a fiduciary duty upon a party under federal law.  *Id.*  However, while the meaning

of fiduciary is more narrowly defined under federal law, "state law is to be consulted to determine when a trust in this strict sense exists." *Id.*

Appellant contends that the narrow definition of "fiduciary" under 523(a)(4) excludes the type of broad general fiduciary duty typically applied to partnerships and joint ventures. However, in *In re Short*, the Ninth Circuit recognized that Washington courts have expanded the duties of partners, and that "…[i]t is the universal rule that partners are required to exercise the utmost good faith toward each other…" 818 F.2d 693, 695 (9th Cir. 1987)(quoting *In re Wilson Estate*, 315 P.2d 287, 292 (Wash. 1957)). The opinion emphasizes that the relationship among partners is fiduciary in character and that each partner is a trustee for all. *Id.*

Washington case law is in line with the relevant statute, which provides that a partner "…hold[s] as trustee for [the partnership] any property, profit, or benefit derived by the partner in the conduct…of the partnership business…" RCW 25.05.165(2)(a). If state law makes clear that a partner is a trustee over partnership assets for all purposes, then the partner is a fiduciary within the narrow meaning of §523(a)(4). *Id.* (citing *Ragsdale,* 780 F.2d at 796). Under Washington law, Appellant's status as a fiduciary within the meaning of §523(a)(4) is definitively established by statute and precedent, with the *res* of the trust being property that belongs to Auburn Ace Holdings.  There is no reason to regard the trust at issue as a constructive, resulting, or implied trust.  Therefore, wrongs incurred in breach of a fiduciary duty owed by a partner to his co-partners can properly give rise to a non-dischargeable debt under §523(a)(4). *Id.*

2.  Conduct

Having established that a fiduciary duty existed, the Court now turns to the type of conduct that constitutes a defalcation.  The Ninth Circuit discusses with approval decisions in which findings of defalcation were made upon the innocent default of a fiduciary who fails to

1   account fully for money received, *Id.* (citing *In re Barwick*, 24 B.R. 703, 706

2   (Bankr.E.D.Va.1982)), and upon a fiduciary's misapplication of funds under the belief that he

3   was authorized to do so. *Id.* (citing *In re Levitt*, 18 B.R. 598, 602 (Bankr.E.D.Pa.1982)). In the

4   case at hand, Appellant was found to have used loans made to Auburn Ace Holdings for personal

5   benefit and to have made undisclosed withdrawals of company funds for personal use. Dkt. #8,

6   Appendix A-4, Interim Award, at 3. The conduct complained of squarely constitutes a

7   defalcation under §523(a)(4).

8   **B.  Collateral Estoppel**

9       The parties dispute whether the Bankruptcy Court properly applied the doctrine of

10  collateral estoppel in its grant of summary judgment. The Supreme Court decision of *Gorgan v.*

11  *Garner* established that the doctrine of collateral estoppel applies in bankruptcy dischargeability

12  proceedings. 498 U.S. 279, 285 n. 11 (1991). Subsequently, the Ninth Circuit noted that in

13  determining whether a party should be estopped from relitigating an issue decided in a prior state

14  court action, the bankruptcy court must look to that state's law of collateral estoppel. *In re*

15  *Diamond*, 285 F.3d 822, 826 (9th Cir. 2002). Under Washington law, a party may invoke

16  collateral estoppel by satisfying the following elements:

17      (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the

18      plea is asserted must have been a party to or in privity with a party to the prior

19      adjudication; and (4) application of the doctrine must not work an injustice on the

20      party against whom the doctrine is to be applied.

21  *Id.* at 826 (citing *Reninger v. Wash. Dep't of Corr.*, 951 P.2d 782, 788 (Wash. 1998)). Appellant

22  contends that the specific issues considered in determining dischargeability were not litigated in

23  the earlier arbitration. Appellant puts forth that the Arbitrator's finding of a breach of fiduciary

24

1  duty differs because the issue of defalcation requires a narrower type of fiduciary status.  Dkt. #9

2  at 9.

3       However, Appellant misconstrues the particular issue that is relevant for purposes of

4  issue preclusion in this case.  The Arbitrator found that "Mr. Errez withdrew money from

5  Auburn Ace for his own benefit, without disclosure, and used Auburn Ace property to secure

6  loans that provided undisclosed benefits to himself and to [his company] Plan B."  Dkt. #8,

7  Appendix A-4, Interim Award, at 3.  It is the issue of whether Appellant withdrew money from

8  Auburn Ace Holdings that may properly be given preclusive effect.  The issue of whether

9  Appellant withdrew money is identical in this action and in the prior forum regardless of the

10  standard of fiduciary duty employed, and there is no need to relitigate the Arbitrator's findings

11  regarding such conduct.  Therefore, Appellant is precluded from litigating the issue of whether

12  he withdrew company money for personal use.  As discussed, *supra*, such an action is sufficient

13  to constitute a breach of fiduciary duty for purposes of §523(a)(4), and the meaning of fiduciary

14  duty for purposes of §523(a)(4) is a question of federal law that may be properly decided by this

15  Court.  *Ragsdale*, 780 F.2d at 796.

16       Because the debt has already been held to be non-dischargeable under §523(a)(4), this

17  Court need not reach the parties' arguments regarding dischargeability.

18                                    **IV. CONCLUSION**

19       Having reviewed the relevant pleadings, the appendices attached thereto, and the

20  remainder of the record, the Court hereby finds and ORDERS:

21       //

22       //

23       //

24

ORDER AFFIRMING THE BANKRUPTCY COURT'S GRANT OF SUMMARY JUDGMENT - 6

1

2      (1) The Order of the United States Bankruptcy Court (Dkt. #1) of the Western District

3          of Washington granting Auburn Ace Holdings, LLC and Third Century, LLC's

4          Motion for Summary Judgment is AFFIRMED.  (Dkt. #6).

5

6      Dated this 16th day of December 2010.

7

8

9                                    _____
                                     RICARDO S. MARTINEZ
10                                   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER AFFIRMING THE BANKRUPTCY COURT'S GRANT OF SUMMARY JUDGMENT - 7